THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARL SCHURZ and Others, Appellants, v. FREDERICK COOK, Secretary of State of the State of New York, Respondent.

*Tax on the capital stock of a corporation, on filing a certificate of incorporation with the Secretary of State — chap.* 143 *of* 1886—*is applicable to corporations, formed by the purchasers of a railroad pursuant to chap.* 430 *of* 1874, *as amended by chapter* 446 *of* 1876.

Chapter 143 of 1886, requiring every corporation, organized by or under any general or special law in this State, having capital stock divided into shares, to pay to the State Treasurer a tax of one-eighth of one per centum upon the amount of its capital stock, and prohibiting the Secretary of State from filing any certificate of such corporation, until satisfied that such tax has been paid to the State Treasurer, is applicable to corporations formed by the purchasers of a railroad and the property connected therewith, and of the rights, privileges and franchises of any corporation created under the general railroad act, pursuant to the provision of chapter 430 of 1874, as amended by chapter 446 of 1876.

APPEAL from an order, made at the Albany Special Term, which denied the relators' motion for a peremptory *mandamus.*

The motion below presented the question whether chapter 143 of the Laws of 1886, relates to or governs a proceeding to reorganize a railroad corporation, pursuant to the provisions of chapter 430 of the Laws of 1874, entitled "An act to facilitate the reorganization of railroads sold under mortgage, and providing for the formation of new companies in such cases," amended by chapter 446 of the Laws of 1876.

*G. Zabriskie,* for the appellants.

*D. O'Brien,* Attorney-General, for the respondent.

FISH, J.:

By chapter 143 of the laws of the legislature of 1886, every corporation organized by or under any general or special law of this State, having capital stock divided into shares, was required to pay to the State Treasurer a tax of one-eighth of one per centum upon the amount of its capital stock; and the same act prohibited the Secre-

tary of State from filing any certificate of such corporation until satisfied that such tax had been paid to the State Treasurer.

The act is comprehensive and clear cut in its terms, is free from ambiguity, and covers the case of just such a corporation as the relators represent. It is in every respect a new company, founded, it is true, upon the ruins of an older company which had failed, or rather perhaps upon the stranded remains of several old defunct companies, but it was nevertheless a new company.

The prior companies had gone down, ceased to have corporate being, and the relators who had become the purchasers of the effects left by the insolvent companies organized a new one. The acts under which the relators seek relief, chapter 430 of the Laws of 1874, and chapter 446, Laws of 1876, in terms provide for "the formation of new companies."

The learned counsel for appellant when pressed with the objection that there had been a change in the sum of the capital stock, protests with much effect " that this company never existed until the incorporation of the relators, and never had any other capital stock than that named in the certificate of organization." The relator's company then comes within the provisions of the act of 1886, and must pay the tax so provided, before the Secretary of State is authorized to file the certificate. It does not withdraw the case from the operation of the statute, because its effects and property is in part or in whole made up of the same goods which once belonged to another company; nor does any constitutional difficulty come in the way, as is seen by the counsel for relators. There is no contract on the part of the State to file articles of association, except upon such terms and conditions as may be added by legislative power. It is only by virtue of the laws enacted by the legislature, that the relators are able to form a corporation or to make a record of the same; and the same power which creates or which makes the grant, may impose such conditions as to it seems meet. It was entirely competent for the legislature to make the filing of a certificate conditional, and to require any payment as a condition precedent. Whether the payment is called a tax or is given any other name, does not matter. It says in plain terms to any parties who desire to incorporate and put the evidence of incorporation on record, " you may do so upon paying into the State, one-eighth of

one per cent upon your capital; otherwise it cannot be ·filed."
The parties may omit to incorporate or omit to proceed, if disin-
clined to do so, upon the terms offered by the State.

It follows that the order of the Special Term was right, and
must be affirmed with ten dollars costs and disbursements.

LANDON and PARKER, JJ., concurred.

Order affirmed, with ten dollars costs ana printing disbursements.